[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 339.]

THE STATE EX REL. HADBAVNY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite *as State ex rel. Hadbavny v. Indus. Comm*., 2002-Ohio-2340.]

*Workers' compensation—Denial of temporary total disability compensation by
Industrial Commission—Court of appeals' return of cause to commission
for further consideration, clarification, and an amended order for failure to
comply with State ex rel. Noll v. Indus. Comm. requirements affirmed.*

(No. 2000-0873—Submitted April 23, 2002—Decided May 29, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-108.

_____

PER CURIAM.

{¶1} Appellant-claimant, James J. Hadbavny, has an allowed workers'
compensation claim. In 1998, he sought temporary total disability compensation
("TTC"). A district hearing officer for appellee Industrial Commission of Ohio
granted that request. Claimant's employer, appellee House of LaRose Cleveland,
Inc., appealed.

{¶2} A staff hearing officer on October 23, 1998, issued the following
order:

{¶3} "[T]he Appeal filed 9-28-98 is denied.

{¶4} "The Staff Hearing Officer denies the request for payment of
temporary total compensation for the period of 7-15-98 through 9-15-98. The basis
of this finding is that the claimant voluntarily abandoned his former position of
employment. The claimant had returned to his former position of employment
without restrictions on 3-31-98. The claimant worked at full duty until 6-26-98
when he was terminated for violation of a company work rule. There is no evidence
that this termination was secondary to restrictions stemming from the allowed

conditions. The Staff Hearing Officer finds, therefore, that the conduct leading to the termination constitutes a voluntary abandonment of employment.

**{¶5}** "All proof on file was reviewed and considered."

**{¶6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTC. The court of appeals held that the order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and issued a limited writ returning the cause to the commission for further consideration and amended order.

**{¶7}** This cause is now before this court upon an appeal as of right.

**{¶8}** *State ex rel. Noll v. Indus. Comm.* requires the commission to "specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." Id. at syllabus. Because that did not occur here, we affirm the judgment of the court of appeals.

**{¶9}** The commission's bare reference to "[a]ll proof on file" does not comport with the evidentiary specificity that *Noll* demands. Its "explanation" defies *Noll* for two other reasons. First, the denial of TTC conflicts with its earlier declaration that the employer's appeal was denied. Second, it does not explain how claimant's employment discharge satisfied the criteria established in *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469, which set forth circumstances under which employment discharge could be deemed a TTC-preclusive abandonment of the former position of employment. Accordingly, a return to the commission for further consideration, clarification, and an amended order is appropriate.

**{¶10}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

2

Paul M. Friedman, for appellant.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.

Duvin, Cahn & Hutton and Christine C. Covey, for appellee House of LaRose Cleveland, Inc.

_____